THE HONORABLE JAMES L. ROBART

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>HANY VELETANLIC,<br>Defendant. | No. CR18-00162-JLR<br><br>DEFENDANT'S STATUS REPORT ON PENDING MOTIONS |

COMES NOW the Defendant, Hany Veletanlic, by Counsel and informs the Court and the Government as to the status of pending oral motions. Defense counsel has made oral motions to dismiss Count 1 and another oral motion to dismiss Counts 2 and 3. Both motions made prior to verdict. The Court has requested briefs on these matters no later than today, March 5th.

After thorough and time-consuming research, the Defendant withdraws both motions, for the following reasons.

As to Count 1, the only issue would be an Appellate issue on the admission of a photograph part of the gun.

As to the Motions on Count 2 and 3, the following facts are relevant. The Grand Jury in this matter was never presented with any evidence that the suppressors in question were not registered. The determination of registration status was not investigated until approximately three weeks prior to trial. The defense was provided the examination reports shortly before trial. Defense counsel was curious if this was proper, in other words, having no evidence provided to the Grand Jury which could establish probable cause.



LAW OFFICES OF JOHN HENRY BROWNE, P.S.
801 SECOND AVENUE, SUITE 800
SEATTLE, WASHINGTON 98104
(206) 388-0777 • FAX: (206) 388-0780

The Supreme Court has said that if a jury has convicted a defendant of upon which there was an indictment, any error in the Grand Jury proceedings connected to the charging decision is harmless beyond a reasonable doubt. United States v. Mechanic, 475 U.S. 66.67 (1986). See also, U.S. v. Navarro, 608 F.3rd 529 (9th Circuit 2010).

The Navarro case went on to say that even if prosecutorial misconduct (indicting without probable cause) such only justified contempt and referral to the Justice Department or Bar Association for a remedy. Navarro, citing Bank of Nova Scotia v. United States, 487 U.S. 250 (1988).

For these reasons the Defendant withdraws the referenced motions.

DATED this 5th day of March 2019.

Respectfully Submitted,

LAW OFFICES OF JOHN HENRY BROWNE, P.S.
*s/ John Henry Browne*___________________
JOHN HENRY BROWNE, WSBA #4677
Attorney for Hany Veletanlic
Law Offices of John Henry Browne, P.S.
801 Second Ave., Suite 801
Seattle, WA 98104
206.388.0777 fax: 206.388.0780
Email:johnhenry@jhblawyer.com

CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of March 2019, I electronically filed the foregoing with the clerk of the court using the CM/ECF system which will send notification of such filing to all the parties(s) of records. I hereby certify that I have served any other parties of record that are non-CM/ECF participants via Tele-fax/U.S. Postal mail.

*s/ Kimberly Hennessey*_______
Paralegal
Kimberly@jhblawyer.com