The Honorable James L. Robart

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>HANY VELETANLIC,<br>Defendant. | NO. CR18-162 JLR<br><br>GOVERNMENT'S RESPONSE TO DEFENDANT'S STATUS REPORT ON PENDING MOTIONS |

The United States of America, by and through Brian T. Moran, United States Attorney for the Western District of Washington, and Marie M. Dalton and Matthew D. Diggs, Assistant United States Attorneys for said District, hereby submits this response to the Defendant's Status Report on Pending Motions.

## I. INTRODUCTION

On March 5, 2019, the Defendant filed a status report indicating that he "withdraws both motions" made at trial "to dismiss Count 1 and . . . to dismiss Counts 2 and 3." Dkt. 142. The Defendant's oral motions to dismiss Count 1 took several forms, but the government understands the Defendant's filing as withdrawing all previously asserted Rule 29 motions related to these three counts.

As to the Defendant's motion to dismiss Count 1, now withdrawn, the government offers the following additional facts. In early January 2019, the Defendant sought certain discovery held by Swedish law enforcement, including, specifically, "photos of each



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

intercepted or seized item." On January 15, 2019, the government submitted a Mutual Legal Assistance to Sweden, using the precise language drafted by defense counsel, requesting "Photos of each intercepted or seized item." On January 24, 2019, Swedish authorities responded to that request, and the government, at its expense, had the response translated and transmitted to the Defendant. At no point did defense counsel request that the government obtain custody of the physical evidence—here a Glock lower receiver.

Although Fed. R. Crim. P. 16 did not require the government to gather this information from Sweden, the government submitted this Mutual Legal Assistance request as a courtesy to the Defendant. Rule 16 only requires the government to disclose evidence held in its custody and control, which does not encompass evidence held by Swedish authorities abroad. As the Ninth Circuit held in *United States v. Friedman*, 593 F.2d 109, 119-20 (9th Cir. 1979), Rule 16 "permits the discovery or inspection of certain kinds of evidence within the possession, custody or control of the Government." In that case, the court determined that Rule 16 did not require production of evidence seized and held by Chilean authorities "because the [United States] Government did not have possession or control of it." *Id*. at 120. Similarly, in *United States v. Benedict*, 647 F.2d 982, 931 (9th Cir. 1981), the Ninth Circuit affirmed a conviction obtained after the government introduced "oral testimony, photographs, and photocopies as secondary evidence" of heroin seized by Thai authorities, rather than producing the physical heroin stored in Thailand. Accordingly, there is no basis, under Rule 16 or other legal precedent, to dismiss Count 1 because the government introduced a photograph of the Glock lower receiver, along with witness testimony establishing a clear chain of custody, rather than offering the physical lower receiver held in Sweden.



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## II. CONCLUSION

The government offers this additional information only to augment the record and clarify the motions previously raised at trial, which the Defendant has now withdrawn.

DATED this 8th day of March, 2019.

Respectfully submitted,

BRIAN T. MORAN
United States Attorney

*/s/ Marie M. Dalton*
MARIE M. DALTON
*/s/ Matthew D. Diggs*
MATTHEW D. DIGGS
Assistant United States Attorneys

United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone: (206) 553-7970
Facsimile: (206) 553-0755
Email: marie.dalton2@usdoj.gov
matthew.diggs@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on March 8, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorney(s) of record for the defendant.

*/s/ Becky Hatch*
BECKY HATCH
Legal Assistant
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Phone: (206) 553-4161
Facsimile: (206) 553-0755
E-mail: becky.hatch@usdoj.gov