**NOT FOR PUBLICATION**

FILED

APR 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff-Appellee,<br>v.<br>HANY VELETANLIC,<br>Defendant-Appellant. | No. 20-30023<br>D.C. No.<br>2:18-cr-00162-JLR-1<br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted April 13, 2021**
Seattle, Washington

Before: O'SCANNLAIN and CALLAHAN, Circuit Judges, and FITZWATER,*** District Judge.

Hany Veletanlic appeals his federal jury conviction and 85-month prison sentence for one count of violating the Arms Export Control Act (22 U.S.C. §

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

2778), two counts of Possession of an Unregistered Firearm (26 U.S.C. §§ 5861(d), 5845(a)(7)), and one count of Possession of a Firearm with an Obliterated Serial Number (18 U.S.C. § 922(k)). As the facts are known to the parties, we repeat them only as necessary to explain our decision.

I

The district court properly determined that Veletanlic voluntarily consented to the July 25, 2017, search of his gun safe that yielded the unregistered silencer at issue in count 2. Viewing "the totality of all the circumstances" in "the light most favorable to the [district court's] decision," *United States v. Patayan Soriano*, 361 F.3d 494, 501 (9th Cir. 2004) (citations omitted), it is apparent that Veletanlic acted on his *own* motivations—his desire to show Agent Grigore that his gun safe did not contain stolen firearms—when he consented to the search. Moreover, voluntariness may be inferred from Veletanlic's *conduct* (leading the agents to the safe and actively assisting them in unlocking, opening, and beginning to unload it), which went far beyond "mere acquiescence." *Cf. United States v. Shaibu*, 920 F.2d 1423, 1426, 1427 (9th Cir. 1990). And while the agents did not inform Veletanlic of his right to refuse consent, that is but "one factor to be taken into account," which "the government need not establish . . . as the *sine qua non* of an effective consent." *Schneckloth v. Bustamonte*, 412 U.S. 218, 227 (1973).

II

Veletanlic contends that the district court erred, either substantively or procedurally, in relation to its admission of his July 26, 2017, confession to possessing the unregistered silencer at issue in count 3. All Veletanlic's claims on this point are either waived or fail on the merits.

A

The substantive argument Veletanlic now makes on this point—that his confession was involuntary in its own right, rather than merely tainted by the putatively unlawful July 25 search—is waived because, in the district court, he disclaimed the former theory in favor of the latter. *See United States v. Del Toro-Barboza*, 673 F.3d 1136, 1152 (9th Cir. 2012). Because Veletanlic "waived [such argument] by not raising it in his motion to suppress," and "does not give any reasons for his failure" to raise it there, "we may not now consider it." *United States v. Murillo*, 288 F.3d 1126, 1135 (9th Cir. 2002).

B

The district court committed no procedural error by declining to hold a hearing *sua sponte* on the voluntariness of the July 26 confession. Our rule is that where, as here, an "issue of inadmissibility as a matter of law on the grounds of involuntariness was [n]ever raised at the trial . . . , the trial court is not required *sua sponte* to hold a . . . voluntariness hearing." *United States v. Smith*, 638 F.2d 131,

133 (9th Cir. 1981). And because "the issue of voluntariness" did not "pervade[] the trial," Veletanlic is not exempt from such rule. *Commonwealth of Northern Mariana Islands v. Mendiola*, 976 F.2d 475, 484 (9th Cir. 1992), *overruled on other grounds by George v. Camacho*, 119 F.3d 1393 (9th Cir. 1997) (en banc).

III

Veletanlic's challenge to the sufficiency of the evidence "to show that the serial number on the pistol [in count 4] had been obliterated or altered"—which is better understood as an issue of statutory interpretation—fails. He argues that the serial number, which was covered in opaque, epoxy-like resin, was not "altered" within the meaning of 18 U.S.C. § 922(k), because the resin literally "altered" the *exterior* of the firearm, rather scratching into the serial number itself. But a firearm's serial number is "altered" if the firearm has been modified in any manner "that makes the serial number appreciably more difficult to discern." *United States v. Carter*, 421 F.3d 909, 916 (9th Cir. 2005) (quoting *United States v. Adams*, 305 F.3d 30, 34 (1st Cir. 2002)). And here, Veletanlic readily concedes that "the [serial-number] viewing window" on the pistol at issue "was obscured so that the serial number [was] not visible."

IV

The district court did not plainly err in admitting any of the testimony Veletanlic now seeks to characterize as inadmissible under Federal Rules of

Evidence 104(b) or 404(b). The challenged testimony from Officer Hytinnen did not implicate Rule 104(b), because "the relevance of [such] evidence" did not "depend[] on whether [it was true]" that the Glock's serial number was fully scratched off. *Cf.* Fed. R. Evid. 104(b). Similarly, the challenged testimony from Agents Grigore and Karabeika falls outside the presumptive scope of Rule 404(b), because it was "inextricably intertwined" with "the evidence concerning the crime[s] charged." *United States v. Dorsey*, 677 F.3d 944, 951 (9th Cir. 2012) (quoting *United States v. Soliman*, 813 F.2d 277, 279 (9th Cir. 1987)).

V

Finally, Veletanlic was not deprived of due process when the Government filed *ex parte* memoranda in support of its motions to continue the sentencing date. Veletanlic's due-process argument hinges on *United States v. Wolfson*, 634 F.2d 1217, 1221–22 (9th Cir. 1980), which is inapposite here. Unlike in *Wolfson*, the *ex parte* memoranda at issue here made no sentencing recommendation, the Government ultimately disclosed the contents of the memoranda to Veletanlic well before sentencing, and the district court did not rely on information contained in the memoranda when imposing its sentence.

**AFFIRMED.**