21-CV-901 JLR

FILED LODGED RECEIVED MAIL

JUL 03 2021

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY DEPUTY

AO 243 (Rev. 09/17)

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT

SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District | |
|---|---|---|
| Name *(under which you were convicted)*: HANY VELETANLIC | | Docket or Case No.: 2:18CR00162JLR-001 |
| Place of Confinement: BIG SPRING, TEXAS, GEO CI | Prisoner No.: 49026086 | |
| UNITED STATES OF AMERICA | V. | Movant *(include name under which convicted)* |

**MOTION**

1. (a) Name and location of court which entered the judgment of conviction you are challenging:
WESTERN DISTRICT OF WASHINGTON
700 STEWART STREET, SUITE 2310
SEATTLE, WA 98101
(b) Criminal docket or case number (if you know): 2:18CR00162JLR-001

2. (a) Date of the judgment of conviction (if you know): _____
(b) Date of sentencing: _____

3. Length of sentence: 85 MONTHS

4. Nature of crime (all counts):
1. ARMS EXPORT CONTROL ACT, 22 U.S.C. 2778(b)(2) AND 2778(c)
2. POSSESION OF UNREGISTERED FIREARM, 26 U.S.C. 5861(d) AND 5845(A)(7)
3. POSSESION OF UNREGISTERED FIREARM, 26 U.S.C. 5861(d) AND 5845(A)(7)
4. POSSESION OF FIREARM WITH OBLITIRATED SERIAL NUMBER 18 U.S.C 922K

5. (a) What was your plea? (Check one)
(1) Not guilty ☒ (2) Guilty ☐ (3) Nolo contendere (no contest) ☐

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one) Jury ☒ Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing? Yes ☒ No ☐

AO 243 (Rev. 09/17)

8. Did you appeal from the judgment of conviction? Yes ☒ No ☐

9. If you did appeal, answer the following:

(a) Name of court: 9TH CIRCUIT COURT OF APPEALS

(b) Docket or case number (if you know): 20-30023

(c) Result: DENIED

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you file a petition for certiorari in the United States Supreme Court? Yes ☐ No ☒

If "Yes," answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

(5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?

Yes ☐ No ☒

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding: ______

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐ No ☐

(7) Result: ______

(8) Date of result (if you know): ______

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: ______

(2) Docket of case number (if you know): ______

(3) Date of filing (if you know): ______

(4) Nature of the proceeding: ______

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐ No ☐

(7) Result: ______

(8) Date of result (if you know): ______

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition: Yes ☐ No ☐

(2) Second petition: Yes ☐ No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

TRIAL ATTORNEY DID NOT FILE ANYTHING AND HE EVEN WITHDREW MOTIONS STARTED DURING TRIAL. HIS ASSOCIATES INFORMED ME TO FILE APPEALS ON MY OWN.

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** ALL ISSUES REGARDING COUNT 1 OF THE INDICTMENT.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

ATTACHED PAGE 1, 2 OF THE HAND WRITTEN NOTES OUTLINES INDIVIDUAL ISSUES TRIAL ATTORNEY FAILED TO DO.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

TRIAL ATTORNEY FAILED TO MAKE THESE ISSUES PART OF RECORD

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: __________

Name and location of the court where the motion or petition was filed:

__________

Docket or case number (if you know): __________

Date of the court's decision: __________

Result (attach a copy of the court's opinion or order, if available):

__________

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☒

PAGE #1, COUNT 1 ISSUES

1. ATTORNEY DID NOT REQUEST TO HAVE THE EXHIBIT PRESENT AT TRIAL AND AVAILABLE FOR INSPECTION.

2. ATTORNEY DID NOT OBJECT TO STATEMENTS MADE ABOUT GUN PART IN EUROPE NOT HAVING SERIAL NUMBER WITHOUT ANY EVIDANCE PRESENTED.

3. ATTORNEY DID NOT OBJECT TO HAND WRITTING COMMENTS BY PROSSECUTION, DID NOT PRESENT HSI REPORT OF NO PRINTS AND HAND WRITTING BEING INCONCLUSIVE.

4. ATTORNEY DID NOT CALL HSI LAB EXPERT TO TESTIFY.

5. ATTORNEY DID NOT OBJECT TO MOTION TO EXTEND THE SCOPE OF ACTIVITY WHERE NO SOLID EVIDANCE WERE SHOWN TO SUPPORT THOSE CLAIMS.

6. ATTORNEY DID NOT OBJECT TO ANY MOTIONS TO LIMINY INCLUDING THE MOTION TO NOT MENTION IMIGRATION CONSEQUENCES WHILE COOPERATION WAS DONE UNDER THREAT OF DEPORTATION AND EVIDANCE UNDER THIS COOPERATION WERE USED IN TRIAL AGAINST ME.

7. ATTORNEY WITHDREW ALL THE MOTIONS STARTED DURING TRIAL WITHOUT EXPLANATION.

8. ATTORNEY DID NOT OBJECT TO FALSE COMMENTS ABOUT ME SHIPPING SUPPRESSORS WHERE NO SUPPRESSORS HAVE BEEN SHIPPED.

9. ATTORNEY DID NOT RAISE THE ISSUE OF NO POST OFFICE WARRANT AND ACQUISITION OF RANDOM SHIPPING SLIPS WITH INCONCLUSIVE HAND WRITTING.

10. ATTORNEY DID NOT OBJECT TO AGENT ADDRESSING JURY AND TELLING THEM HOW MANY GUNS I OWNED: "WHAT WAS I SUPPOSED TO DO, HE HAD 30 GUNS".

PAGE #2, COUNT 1 ISSUES

11. ATTORNEY DID NOT OBJECT TO MOTION TO LIMINY REGARDING IMIGRATION CONSEQUENCES OF THE PROSECUTION.

12. ATTORNEY DID NOT SHOW JURY THAT AGENTS MADE THREATS OF PROSECUTION AND DEPORTATION IN ORDER TO HAVE ME PRODUCE EVIDANCE TO LATER BE USED AGAINST ME.

13. ATTORNEY DID NOT REQUEST TO HAVE THE ORIGINAL COOPERATION AGREEMENT AVAILABLE FOR JURY TO SEE.

14. ATTORNEY DID NOT REQUEST VOLUNTERINESS HEARING REGARDING ALL OF THE EVIDANCE PRODUCED DURING MY COOPERATINON UNDER THREATS.

15. ATTORNEY DID NOT SHOW JURY THE RELEASE FORM, GIVING AGENTS ACCESS TO MY COMMUNICATION DEVICES, ACCOUNTS, PASSWORDS WHERE AGENTS CAN SEND COMMUNICATIONS POSING AS ME.

16. ATTORNE DID NOT RAISE THE ISSUE OF "TELEGRAM" LINK BEING FOUND ON PHONE IN SWEEDEN AFTER SWEEDISH INVESTIGATOR WAS ASKED TO GO BACK AND OPEN THE PHONE IN NOVEMBER 2018, MONTHS AFTER I REFUSED TO TAKE PRE-INDICTMENT OFFERS.

17. ATTORNEY DID NOT RAISE THE ISSUE OF HSI AGENT WITHOLDING THE TEXT MESSAGE AND SELECT EMAIL TRANSCRIPTS WHERE HE COACHED ME TO PRODUCE COMMUNICATIONS LATER USED AGAINST ME IN TRIAL.

18. ATTORNEY DID NOT CALL VERIZON EXPERTS TO TESTIFY

19. ATTORNEY DID NOT CALL FORENSIC AUDIO EXPERT TO TESTIFY

AO 243 (Rev. 09/17)

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO:** ALL ISSUES REGARDING COUNT 2 OF THE INDICTMENT.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

ATTACHED PAGE # 3 OF THE HAND WRITTEN NOTES OUTLINES INDIVIDUAL ISSUES TRIAL ATTORNEY FAILED TO DO.

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

AO 243 (Rev. 09/17)

(2) If you did not raise this issue in your direct appeal, explain why:

TRIAL ATTORNEY DID NOT MAKE THESE ISSUES PART OF RECORD

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: ______

Name and location of the court where the motion or petition was filed:

______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available):

______

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

______

Docket or case number (if you know): ______

Date of the court's decision: ______

Result (attach a copy of the court's opinion or order, if available):

______

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

______

PAGE 3, COUNT 2 ISSUES

1. ATTORNEY DID NOT SHOW JURY THAT AGENTS LIED ON THE STAND DURING SUPRESSION HEARING. AGENTS CLAIMED MY VERSION OF EVENTS WHERE NOT TRUE WHERE DISCOVERY CONTAINED JULY 25 2017 ROI REPORT WHICH CONFIRMS MY VERSION OF EVENTS. I TESTIFIED I WAS HELD AGAINST THE WALL BY ARMED AGENTS NOT ALLOWED TO GET NEAR MY SAFE WHILE ATF AGENT WAS THROWING MY GUNS OUT OF THE SAFE. I PLEADED WITH THEM TO STOP. I STATED I WOULD TELL HER WHERE THE SUPRESSOR WAS IF THAT WOULD MAKE THEM STOP THROWING MY GUNS OUT OF MY SAFE. ROI CONFIRMS THIS DESPITE THEIR FALSE TESTIMONY.

2. ATTORNEY DID NOT EXPOSE THAT SMS TEXT MESSAGES USED IN SUPRESSION HEARING AND TRIAL WERE EDITED COPIES IN FORMAT OF JPEG WHERE VERIZON CONFIRMED THAT GOVERMENT HAD ORIGINAL DATA IN THEIR POSSETION WHICH ATTORNEY FAILED TO OBTAIN AND SUBMIT INTO EVIDANCE.

INSTEAD GOVERMENT'S TAMPERED EVIDANCE WERE SUBMITTED INTO EVIDANCE AND USED IN NEARLY ALL HEARINGS.

**GROUND THREE:** ALL ISSUES REGARDING COUNT 3 OF THE INDICTMENT

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

ATTACHED PAGE #4 OF THE HAND WRITTEN NOTES OUTLINES INDIVIDUAL ISSUES TRIAL ATTORNEY FAILED TO DO.

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

TRIAL ATTORNEY DID NOT RAISE ANY OF THESE ISSUES PRE TRIAL OR DURING TRIAL.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

PAGE 4, COUNT 3 ISSUES

1. ATTORNEY DID NOT REQUEST VOLUNTERINES HEARING ON ANY PART OF THE COOPERATION OR ISSUES REGARDING COUNT 3.
2. ATTORNEY DID NOT OBTAIN ORIGINAL SMS TEXT MESSAGE DATA SHOWING THE AGENTS ORDERED ME TO TURN OVER THE SUPRESSOR #2 WHICH I DID NOT HAVE IN MY POSSETION.
3. ATTORNEY DID NOT SHOW JURY THAT AGENTS USED THREATS OF PROSECUTION AND DEPORTATION TO FORCE COOPERATION AGAINST MY SELF.
4. AUDIO RECORDINGS SUBMITTED INTO EVIDANCE AND HEARD BY THE JURY WERE EDITED COPIES WHICH DID NOT MATCH AGENTS JULY 26, 2017 ROI REPORT. MP3 COPIES CAN NOT BE AUTHENTICATED AND TRIAL ATTORNEY DID NOT RAISE THE ISSUE PRE OR DURING TRIAL.

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:** ALL ISSUES REGARDING COUNT 4 OF THE INDICTMENT

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

ATTACHED PAGE #5 OF THE HAND WRITTEN NOTES OUTLINES INDIVIDUAL ISSUES TRIAL ATTORNEY FAILED TO DO.

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why:

TRIAL ATTORNEY DID NOT MAKE RECORD OF ANY OF THESE ISSUES DURING TRIAL OR PRE TRIAL.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

PAGE 5, COUNT 4 ISSUES

1. ATTORNEY DID NOT REQUEST TO HAVE THE RUGER PISTOL INSPECTED BY REMOVING THE RECEIVER FROM THE GRIP TO DETERMINE IF SERIAL NUMBER WAS PRESENT OR OBLITORATED. VIEWING WINDOW WAS OBSTRUCTED WITH RUST OR DEBRIS.

2. ATTORNEY DID NOT CALL GREG WELSH TO TESTIFY ABOUT SERVING "RK" A FEDERAL INFORMANT SUPOENA WHERE RK ADMITTED OWNING THE RUGER LCP WHICH HE SOLD ME. FEDERAL INFORMANTS CAN NOT ENTRAP VICTIMS FOR GOVERNMENT TO PROSECUTE PER "CI" AGREEMENT.

3. ATTORNEY DID NOT SHOW MY ATTEMPTS TO TURN OVER ALL GUNS SOLD TO ME BY "RK" WHERE ATF INSTRUCTED ME NOT TO WORRY ABOUT THEM AS AGENTS DID NOT WANNA BE BOTHERED BY GUNS FROM "RK" WHICH I SUSPECTED COULD POSSIBLY BE STOLEN.

4. ATTORNEY DID NOT OBJECT TO COMMENTS ABOUT "GHOST GUNS" WHICH IS A EXTREMELY POLITICIZED ISSUE

PAGE 6,

INDICTMENT ISSUES

- DID NOT OBJECT TO MOTION THAT AN ALTERNATE EVENTS WERE GOING TO BE ARGUED IN TRIAL VS INDICTMENT TESTIMONY OF THE ATF AGENT. PACKAGE INTERCEPTED BY CUSTOMS VS RECOVERED FROM A HOUSE. HSI LAB UNABLE TO LINK PACKAGES TO ME THROUGH PRINTS OR HANDWRITTING.
- AGENT LIED ABOUT ME HAVING UNREGISTERED NFA ITEMS WHERE TRIAL SHOWED SHE DID NOT KNOW UNTIL NEARLY YEAR LATER.
- DID NOT SHOW COURT/JURY THAT ATF AGENT FORGED MY SEARCH CONSENT SIGNATURE TO STEAL MY PROPERTY FROM MY CAR WHICH WAS ALL LEGAL. SHE THAN USED THE GUNS AND AMMO FROM THE CAR FOR SOLE PURPOSE TO INFLUENCE THE GRAND JURY. SHE ALSO LIED ABOUT 5000 ROUNDS OF AMMO WHERE SHE KNEW BASED ON SEASURE RECEIPT IT WAS 1400

Type of motion or petition: ____________________

Name and location of the court where the motion or petition was filed:

____________________

Docket or case number (if you know): ____________________

Date of the court's decision: ____________________

Result (attach a copy of the court's opinion or order, if available):

____________________

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

____________________

Docket or case number (if you know): ____________________

Date of the court's decision: ____________________

Result (attach a copy of the court's opinion or order, if available):

____________________

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

____________________

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

ALL OF THE ISSUES ON THE ATTACHED HAND WRITTEN PAGES HAVE NOT BEEN RAISED OR MADE RECORD OF AS THE TRIAL ATTORNEY FAILED TO FORMULATE TRIAL DEFENSE. TRIAL ATTORNEY REFUSED TO DO THE WORK I REQUESTED AND ADVISED ME TO DO IT ON APPEL ON MY OWN AS HE WAS GOING ON VACATION.

____________________

AO 243 (Rev. 09/17)

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging? Yes ☐ No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At the preliminary hearing:

GREG MURPHY

(b) At the arraignment and plea:

JEFFERY KRADEL

(c) At the trial:

JOHN HENRY BROWN

(d) At sentencing:

GILBERT H LEVY

(e) On appeal:

GILBERT H LEVY

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time? Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ☐ No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

SUBJECT TO BE HELD IN IMIGRATION DETENTION / PRISON

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes ☐ No ☒

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

NEW TRIAL

or any other relief to which movant may be entitled.

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on JUNE 29, 2021.
(month, date, year)

Executed (signed) on JULY 28, 2021 (date)

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

HANY VELETANLIC 49026086
AIRPARK GEO CI
3700 WRIGHT AVE
BIG SPRING, TX 79720




MIDLAND TX 797
WED 30 JUN 2021 PM

CLERK'S OFFICE
US DISTRICT COURT
700 STEWART STREET, SUITE 2310
SEATTLE, WA 98101

ACCEPTED BY AIRPARK UNIT

___ FILED
___ LODGED
___ RECEIVED

MAIL

JUL 03 2021

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY DEPUTY